UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

KELLY A. BARNETT,

        Plaintiff,

v.

CAROLYN HIGHT MAXWELL,

        Defendant.

Case No. 6:22-cv-00312-MK

**OPINION AND ORDER**

**KASUBHAI,** United States Magistrate Judge:

    Plaintiff Kelly A. Barnett, proceeding *pro se*, brings this cause of action against Defendant Carolyn Hight Maxwell. Compl., ECF No. 1. Plaintiff moves for approval of alternative service on Defendant. Pl.'s Mot. Alt. Serv. 1, ECF No. 5 ("Pl.'s Mot.").

## LEGAL STANDARD

Without proper service, a court cannot exercise jurisdiction over a defendant. *See Direct Mail Specialists, Inc. v. Eclat Computerized Tech., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) ("A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under [Rule] 4."). Federal Rule of Civil Procedure 4(e) authorizes four methods of service on an individual:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Under state law, the Oregon Rules of Civil Procedure ("ORCP") provide that:

> Summons shall be served, either within or without this state, in any manner reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend . . . Service may be made, subject to the restrictions and requirements of this rule, by the following methods: personal service of true copies of the summons and the complaint upon defendant or an agent of defendant authorized to receive process; substituted service by leaving true copies of the summons and the complaint at a person's dwelling house or usual place of abode; office service by leaving true copies of the summons and the complaint with a person who is apparently in charge of an office; service by mail; or service by publication.

ORCP 7(D)(1).

## DISCUSSION

Defendant Carolyn Hight Maxwell is an individual subject to Fed. R. Civ. P. 4(e). Plaintiff moves for a court order allowing alternative service on Defendant through her insurance company, Liberty Mutual/SAFECO. Pl.'s Mot. 1, ECF No. 5. Alternatively, or in addition to the aforementioned method, Plaintiff moves for a court order allowing alternative service by e-mail to two of Defendant's known e-mail addresses and an e-mail address that appears to belong to an employee of Defendant's insurance company. Pl.'s Mot. 6, ECF No. 5-1.

Here, Plaintiff alleges that Defendant "has actively evaded service." Pl.'s Mot. 1, ECF No. 5. Plaintiff submits that she attempted to serve Defendant when Plaintiff "hired professional services, performed paid background checks, skip tracing, and basic Local Usage Detail tracing to ensure [Defendant] was still in Connecticut in the vicinity of West Haven." Pl.'s Mot. 2, ECF No. 5-1. Plaintiff represents that her hired process servers were unable to deliver a copy of the complaint to Defendant personally and were unable to identify Defendant's "usual place of abode." *Id.* Plaintiff attempted to serve Defendant at three addresses in Oregon and was unable to locate an address for Defendant in Connecticut. *See* Decl. of Kelly A. Barnett 1, ECF No. 6 ("Barnett Decl."). Plaintiff further represents that Defendant has "fail[ed] to keep her address current as is statutorily required by the Connecticut Department of Motor Vehicles and per the Nurse Practice Acts in Oregon and Connecticut Board of Nursing Department of Public Health." Pl.'s Mot. 2, ECF No. 5-1. For these reasons, Plaintiff requests approval of alternative service methods. *Id.* at 6.

At this time, the Court finds that Plaintiff's proposed methods are not reasonably calculated to apprise Defendant of the existence and pendency of the action and to afford a

reasonable opportunity to appear and defend. The Court does not find service on Defendant's insurance company appropriate at this time. Plaintiff may renew her motion and propose other alternative methods of service, such as service by publication, in addition to service by e-mail to Defendant's known e-mail addresses.

## CONCLUSION

For the above reasons, Plaintiff's motion for alternative service (ECF No. 5) is DENIED.

DATED this 19th day of July 2022.

s/ Mustafa T. Kasubhai<br>
MUSTAFA T. KASUBHAI (He / Him)<br>
United States Magistrate Judge