UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

KELLY A. BARNETT,

        Plaintiff,

v.

CAROLYN HIGHT MAXWELL,

        Defendant.

Case No. 6:22-cv-00312-MK

**OPINION AND ORDER**

**KASUBHAI,** United States Magistrate Judge:

    Plaintiff Kelly A. Barnett, proceeding *pro se*, brings this cause of action against Defendant Carolyn Hight Maxwell. Compl., ECF No. 1. Plaintiff moves to extend the time for service of process under Rule 4(m) or to approve substituted service Defendant's insurer, Safeco Insurance/Liberty Mutual. ECF No. 13. For the following reasons, Plaintiff's motion is GRANTED IN PART.

Page 1 — OPINION AND ORDER

**BACKGROUND**

Plaintiff filed this negligence and breach of contract action against Defendant on February 28, 2022. Pl.'s Compl., ECF No. 1. Plaintiff has not yet served Defendant. On May 2, 2022, Plaintiff moved the Court to allow for alternative service on Defendant's insurance carrier Liberty Mutual or by email. ECF No. 5. On July 19, 2022, the Court denied Plaintiff's motion, finding that the requested alternative service methods were not reasonably calculated to apprise Defendant of the existence and pendency of the action. ECF No. 7. However, the Court invited Plaintiff to renew her motion and propose other alternative methods of service such as service by publication. *Id*.

Now, Plaintiff again requests substituted service on Defendant's insurance carrier, outlining her attempts to serve Defendant to date. Plaintiff and her California attorney Mr. Romeyn[1] recount multiple attempts to serve addresses believed to belong to Defendant, contacts with Defendant's insurance carrier regarding Defendant's whereabouts, contacts with the Connecticut Public Health Department regarding Defendant's address as a licensed registered nurse, and performance of "skip traces" to locate Defendant. Barnett Decl., ECF No. 14; Romeyn Decl., ECF No. 15. Plaintiff has served all known abodes of Defendant but has been unable to affect personal service. Barnett Decl. ¶ 18, ECF No. 14. Defendant has not acknowledged receiving abode service. Romeyn Decl. ¶ 8, ECF No. 15.

Plaintiff and Mr. Romeyn also note that they made contact with an insurance adjuster for Defendant's insurer, Liberty Mutual, on May 10, 2022. Barnett Decl. ¶¶ 1, 2, 4, 5, 12, ECF No. 14; Romeyn Decl. ¶¶ 11, 17, ECF No. 15. Mr. Romeyn contends that the adjuster "knows the

---

[1] Plaintiff hired Mr. Romeyn to intervene with Defendant's insurer's claims department. Romeyn Decl., ECF No. 15. He does not represent her in this lawsuit.

location of Defendant Maxwell and can contact her at any time." Romeyn Decl. ¶ 19, ECF No. 15. Defendant's insurer will not accept service on behalf of Defendant. Barnett Decl. ¶ 13, ECF No. 14.

## LEGAL STANDARDS

### A.     Service methods

Without proper service, a court cannot exercise jurisdiction over a defendant. *See Direct Mail Specialists, Inc. v. Eclat Computerized Tech., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) ("A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under [Rule] 4."). The Federal Rules of Civil Procedure authorize four methods of service on an individual:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Under state law, the Oregon Rules of Civil Procedure ("ORCP") provide that:

> Summons shall be served, either within or without this state, in any manner reasonably calculated, under all the circumstances, to apprise the defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend . . . Service may be made, subject to the restrictions and requirements of this rule, by the following methods: personal service of true

>copies of the summons and the complaint upon defendant or an
>agent of defendant authorized to receive process; substituted
>service by leaving true copies of the summons and the complaint at
>a person's dwelling house or usual place of abode; office service
>by leaving true copies of the summons and the complaint with a
>person who is apparently in charge of an office; service by mail; or
>service by publication.

Or. R. Civ. P. 7(D)(1).

**B.     Service timing**

Rule 4(m) requires that, unless a plaintiff shows good cause for failing to serve a defendant within 90 days after the complaint is filed, the Court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." However, the Court is required to grant an extension of time when a plaintiff shows good cause for delay and has "broad discretion to extend time for service under Rule 4(m)" even absent good cause. *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007).

### DISCUSSION

Plaintiff again seeks the Court's permission for alternative service on Defendant's insurer. As with Plaintiff's first motion, the Court is not satisfied that service on Defendant's insurance carrier is reasonably calculated to apprise Defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend. In fact, all the contacts Plaintiff and her California counsel had with Defendant's insurer's claim specialist took place in May 2022, *before* this Court's last order on this issue. *See* Barnett Decl. ¶¶ 1, 4, 5, 12, ECF No. 14; Romeyn Decl. ¶¶ 5, 6, 11. Further, that contact or contacts appear to have taken place on the same date. *Id*. There is no evidence of any ongoing communication between Plaintiff or Mr. Romeyn and Defendant's insurer and no indication that Defendant's insurer remains in contact with Defendant. In other words, if service on Defendant's insurer was inappropriate in July 2022

when the Court denied Plaintiff's first motion, it is certainly not appropriate now, more than ten months since Plaintiff's last documented contact with Defendant's insurance carrier's claim specialist.

However, Oregon law provides for alternative service "when it appears that service is not possible under any method otherwise specified in these rules or other rule or statute." Or. R. Civ. P. 7(D)(6). Based on the facts as laid out by Plaintiff in her supporting declarations, the Court finds that Plaintiff meets this standard. Therefore, although the Court does not agree with Plaintiff's proposed alternative method of service, the Court does find that alternative service is warranted here. Oregon law permits alternative service by a number of means, including by publication. *Id.* When granting leave to serve defendants by publication, a court must "direct publication to be made in a newspaper of general circulation in the county where the action is commenced," but "[i]f the plaintiff knows of a specific location other than the county in which the action is commenced where publication might reasonably result in actual notice to the defendant . . . the court may order publication in a comparable manner at that location in addition to, or in lieu of, publication in the county in which the action is commenced." Or. R. Civ. P. 7(D)(6)(a)(i)(A).

Here, the action was commenced in Lane County, making *The Register Guard* in Eugene, Oregon the appropriate newspaper of general circulation to affect alternative service by publication. Additionally, Plaintiff's declarations note several addresses in Connecticut associated with Defendant for which *The New Haven Register* in New Haven, Connecticut is the appropriate newspaper of general circulation. *See* Barnett Decl. ¶¶ 1, 8, ECF No. 14; Romeyn Decl. ¶¶ 11, 13. The Oregon rules specify that for service by publication, the summons must be published four times in successive calendar weeks. Or. R. Civ. P. 7(D)(6)(a)(i)(A). The Court

finds that this alternative method of service is reasonably calculated to apprise Defendant of the existence and pendency of the action and to afford a reasonable opportunity to appear and defend.

Finally, although Plaintiff is well beyond the 90 days by which she was required to have served Defendant in this case, the Court finds based on her supporting declarations documenting her ongoing attempts at service that there is good cause to grant an extension under Rule 4(m). Accordingly, Plaintiff shall have 90 days from the date of this Opinion and Order to serve Defendant.

## CONCLUSION

For the above reasons, Plaintiff's motion (ECF No. 13) is GRANTED IN PART as follows: Plaintiff may serve Defendant by publishing copies of summons in *The Register Guard* in Eugene, Oregon and *The New Haven Register* in New Haven, Connecticut once per week for four consecutive weeks as specified in Or. R. Civ. P. 7(D)(6)(a)(i). Plaintiff must serve Defendant within 90 days from the date of this Opinion and Order.

DATED this 20th day of March 2023.

s/ Mustafa T. Kasubhai  
MUSTAFA T. KASUBHAI (He / Him)  
United States Magistrate Judge
